PEOPLE *v.* ARMSTRONG.

1. CRIMINAL LAW—EMBEZZLEMENT—EVIDENCE—TESTIMONY AS TO OTHER SIMILAR ACTS—INTENT.

   In prosecution for embezzlement, where defendant was charged solely with embezzlement of specific sum, representing one transaction, testimony tending to show that he misappropriated other sums relating to transactions of like character at about same time was properly admitted for its bearing on question of intent (3 Comp. Laws 1929, § 17320).

2. EMBEZZLEMENT—SUFFICIENCY OF EVIDENCE.

   In prosecution for embezzlement, defendant's claim that evidence was insufficient to take to jury question of his guilt, *held*, without merit.

3. CRIMINAL LAW—PRESUMPTION OF INNOCENCE—TRIAL—INSTRUCTION.

   In criminal case, best practice for trial judge is to state in positive and unequivocal language that presumption of innocence in favor of accused prevails unless and until it is overcome by convincing evidence.

4. SAME—EMBEZZLEMENT.

   In prosecution for embezzlement, charge of trial court as to presumption of innocence in favor of· accused, *held*, sufficient to protect his rights, although more positive and unequivocal language might have been used.

Error to Ingham; Carr (Leland W.), J. Submitted October 15, 1931. (Docket No. 213, Calendar No. 35,740.) Decided December 8, 1931.

Claude C. Armstrong was convicted of embezzlement. Affirmed.

*Dwight L. Wilson,* for appellant.

*Paul W. Voorhies,* Attorney General, and *John Wendell Bird,* Prosecuting Attorney, for the people.

BUTZEL, C. J. Claude C. Armstrong appeals from a judgment of conviction of embezzlement. While in the employ of Franklin DeKleine Company, of Lansing, he sold an adding machine for $98 to the Citizens Mutual Insurance Company of Howell. He received in payment a check made out to the Typewriter Inspection Company, the name under which he previously did business, and which he claims was continued by him with the knowledge of the DeKleine company after he had entered its employ. He indorsed and cashed the check, and, it is claimed, kept the proceeds. Although charged solely with the embezzlement of this specific sum of $98, testimony was introduced tending to show he misappropriated other sums. Error is claimed on this account. The other misappropriations related to transactions of like character while in the employ of the DeKleine company and within approximately short periods from the time he collected the $98 in question. Prior to his arrest, defendant was interrogated in regard to a number of these transactions appearing on the books of the company and for which, it is claimed, he had not accounted. They were set forth on typewritten sheets. A witness for the prosecution testified that defendant admitted "taking" the $98 in

question. The testimony, while it referred also to the embezzlement of other sums for which defendant was not prosecuted, nevertheless tended to show an intent to take the money. There was no error in admitting this testimony. *People* v. *Rice,* 206 Mich. 644; *People* v. *Petropoulapos,* 217 Mich. 198, where many citations to like effect are set forth. Section 17320, 3 Comp. Laws 1929, provides:

"In any criminal case where the defendant's * * * intent * * * is material, any like acts or other acts of the defendant which may tend to show his motive, intent, the absence of, mistake or accident on his part, or the defendant's scheme, plan or system in doing the act, in question, may be proved; * * * notwithstanding that such proof may show or tend to show the commission of another * * * crime by the defendant."

There is no merit in defendant's claim that there was not sufficient evidence so as to submit the question of his guilt to the jury. The verdict is supported by the testimony.

It is further claimed that the judge did not properly charge the jury as to the presumption of innocence being in defendant's favor. While the record does not disclose that the jury had sat in other criminal cases, the opening sentence of the charge would indicate that the jurors, through their previous experience, were familiar with the rule that the presumption of innocence prevails in defendant's favor throughout the entire trial. The following is an excerpt from the first part of the charge:

"Members of the jury, this is the first embezzlement case that you have been called on to decide. * * * The same presumption of innocence that always attends one who is accused of violating the law attends this respondent. That presumption goes

with the respondent throughout the trial of this case and it may be overcome only by evidence that convinces you and each of you beyond a reasonable doubt of his guilt of the offense charged.

"Counsel in their argument have referred to the rule or doctrine of reasonable doubt. The expression means what the words themselves fairly imply—a doubt that is based on reason, a doubt for which a reason satisfactory to the mind of the person having such a doubt may be given. It is not an idle doubt but rather an honest doubt arising from the evidence or lack of evidence in the case.

"If after considering all the evidence here before you, you have a reasonable doubt as to the respondent's guilt, then it will be your duty to give him the benefit of that doubt and to return a verdict of not guilty."

While the best practice for a trial judge is to state in positive and unequivocal language that the presumption of innocence in favor of the accused prevails unless and until it is overcome by convincing evidence, we believe that the rights of the defendant were fully protected by the charge as given. The judgment of conviction is affirmed.

WIEST, CLARK, McDONALD, POTTER, SHARPE, NORTH, and FEAD, JJ., concurred.