PEOPLE *v.* KALDER.

1. CRIMINAL LAW—RECEIVING STOLEN GOODS—EVIDENCE—CREDIBILITY
OF WITNESSES.

In prosecution for receiving and concealing personal property,
knowing the same to have been stolen, jury's verdict of guilty
*held,* not contrary to the great weight of the evidence consist-
ing of conflicting testimony presented by respective witnesses
notwithstanding some of the people's witnesses had been con-
victed of crimes, were serving prison terms, and were unfriend-
ly to defendant and others had previously made sworn state-
ments contradicting testimony as given at the trial and defend-
ant was a witness and some of his witnesses were related to
him (Act No. 328, § 535, Pub. Acts 1931).

2. SAME—INTENT—EVIDENCE OF OTHER OFFENSES.

In prosecution for receiving and concealing stolen goods, knowing
the same to have been stolen, where theory of people's case was
that motive for committing crime of which defendant was con-
victed was to secure possession of stolen property in order to
plant it so as to implicate another in the commission of the
crime, evidence of participation in other offenses attempted
or committed for identical motive *held,* properly admitted (3
Comp. Laws 1929, § 17320; Act No. 328, § 535, Pub. Acts
1931).

3. SAME—COURT'S ATTITUDE TOWARD DEFENDANT AND HIS COUNSEL.

Attitude of court toward defendant and his counsel in prosecu-
tion for receiving and concealing stolen goods, knowing same
to have been stolen, which was largely, if not wholly, provoked
by the attitude of counsel in course of 10-day trial in which
some 60 witnesses were examined *held,* not of such a character
as to justify granting a retrial (Act No. 328, § 535, Pub. Acts
1931).

4. SAME—PRELIMINARY EXAMINATION—RECORD.

> Reversible error may not be predicated upon failure of circuit judge to remand case for further examination because examining magistrate had previously been a witness against defendant in a civil suit and was not impartial, where record does not contain testimony on the preliminary examination, as it is presumed there was probable cause to believe defendant guilty.

5. SAME—RECEIVING STOLEN GOODS—INSTRUCTIONS.

> Charge of court to jury in prosecution for receiving and concealing stolen goods, knowing same to have been stolen, *held*, to have presented issues to jury fairly and to have protected rights of defendants notwithstanding there may be some technical imperfections (Act No. 328, § 535, Pub. Acts 1931).

6. SAME—PREJUDICIAL ERROR.

> Various assignments of errors respecting conduct of prosecution for receiving and concealing stolen goods, knowing same to have been stolen, alleged prejudice resulting from certain articles appearing in the local press, prosecuting attorney's argument to the jury, and denial of motion for new trial examined and *held*, not sufficiently prejudicial to justify setting aside jury's verdict (3 Comp. Laws 1929, § 17290; Act No. 328, § 535, Pub. Acts 1931).

Appeal from Kent; Brown (William B.), J. Submitted April 14, 1938. (Docket No. 115, Calendar No. 39,544.) Decided May 4, 1938.

Charles W. Kalder was convicted of receiving stolen goods. Affirmed.

*Julius J. Herscher,* for appellant.

*Raymond W. Starr,* Attorney General, *Fred N. Searl,* Prosecuting Attorney, and *Menso R. Bolt,* Assistant Prosecuting Attorney, for the people.

NORTH, J. Charles Kalder was convicted in the circuit court of Kent county of receiving and concealing personal property, knowing the same to have

been stolen, * such property consisting of "a certain quantity of piston rings of the value of $400." Alleging that certain prejudicial errors were committed at his trial, as hereinafter noted, he has appealed.

Appellant's first contention is that the verdict of the jury was against the great weight of evidence. The record is somewhat voluminous and a detailed review of the testimony would not be helpful. Suffice to note there is direct conflict in the facts as testified to by the people's witnesses on the one hand and by the defendant's witnesses on the other. On each side of the case testimony was produced which materially contradicted that of opposing witnesses, and in turn many facts and circumstances of a corroborative character were disclosed by the testimony on each side of the case. The people's principal witnesses had already been convicted of crimes and were serving prison sentences, and it is a fair inference that at least some of them were unfriendly to defendant. Some of the people's witnesses had previously made sworn statements of material facts in this case which statements contradicted their testimony as given at the trial. But these circumstances merely went to the weight of the testimony of the respective witnesses the same as the interest of defendant in the outcome of the trial had a bearing upon his credibility and also upon the credibility of some of his witnesses who were related to him. Our decision in *People* v. *Johnson,* 252 Mich. 304, upon which appellant relies, upon the facts therein stated is readily distinguishable from the instant case. Our review of this record satisfies us that, under the testimony, the question of defendant's guilt or innocence was clearly one for the determina-

* See Act No. 328, § 535, Pub. Acts 1931.—Reporter.

tion of the jury.  He was adjudged guilty and we are unable to find from the record on this appeal that the verdict was contrary to the great weight of evidence.

Appellant also claims that there was prejudicial error in receiving the testimony of George Lapham and Henry Dever as to one offense of breaking and entering which was alleged to have been planned by Kalder but was not actually committed, and also as to two other offenses of breaking and entering which the people claim appellant was instrumental in having Lapham and Dever commit.  Appellant contends that none of the offenses above referred to were in any way connected with the offense of receiving stolen property with which he was charged in the instant case; and, therefore, the admission of testimony tending to show that appellant was in any way connected with the planning or commission of these other offenses was prejudicial.

On the other hand, the people claim that the motive or purpose which prompted appellant in committing the offense of which he was convicted was the identical motive or purpose which prompted him in seeking to have the other offenses committed.  In this connection it is the people's claim that appellant was unfriendly to one Westrate and for that reason desired to secure possession of property obtained incident to the commission of an offense of breaking and entering in order that he might place such stolen property in Westrate's automobile or otherwise "plant" it in such a fashion as to implicate Westrate in the commission of the crime.  There is testimony in the record tending to sustain the people's theory as to each of the three offenses referred to above. Appellant claims the admission of such testimony was prejudicial.  He relies upon *People* v. *Dean,* 253 Mich. 434; *People* v. *Wysocki,* 267 Mich. 52; and

*People* v. *Locke,* 275 Mich. 333. In testing the applicability of decision in each of the above cases it must be borne in mind that in the instant prosecution there was testimony tending to sustain the people's contention that the very motive or purpose which induced appellant to participate in the offense of which he was convicted was the same as in each of the other three offenses—*i. e.,* he was desirous of obtaining stolen property for the purpose of planting it in such a way as would result in Westrate's being convicted of the offense incident to which the stolen property was obtained. In this particular the instant case is very different from either of those just above cited.

In the *Dean Case, supra,* we said:

"The question of defendant's 'motive, intent, the absence of mistake or accident on his part' is clearly not invqlved in the charge as laid (an act of gross indecency). Neither do we think that it can be said that in the commission of the crime charged he was acting in conformity with any 'scheme' or 'plan' theretofore formulated by him, or that proofs of similar acts with others in any way tend to inform the court or jury as to his 'system' in doing the act complained of."

In the *Wysocki Case,* it is stated:

"The alleged 'fake hold-up' was in no way incidental to the murder charged against these defendants, nor was it incidental to any fact or circumstance which was relevant or material to the offense charged."

Our holding in the *Locke Case, supra,* is indicated by the syllabus which reads:

"Admission of testimony of police officer of conversation he had with accused relative to latter's

participation in hijacking plot which was never consummated *held,* reversible error in prosecution for robbery armed, where such testimony did not show any motive, intent or scheme to commit the crime now charged.''

In each of the cited cases the holding of the court is based upon an entire lack of any connection being disclosed between the offense as to which the testimony was taken and the offense with which the one being tried was charged, but such is not the situation in the instant case. Instead, as noted above, in this case there is testimony tending to sustain the people's theory that appellant's participation as an accessory in each of the other offenses was prompted by the same circumstance which, according to the people's theory, led him to commit the offense of which he was convicted. In each case the purpose, motive and intent was to obtain stolen property and to ''plant'' it in such a way as would lead to the prosecution and conviction of Westrate. Such testimony is admissible under the Michigan statute which provides:

''In any criminal case where the defendant's *motive, intent,* * * * *or the defendant's scheme, plan or system* in doing an act, is material, any like acts or other acts of the defendant which may tend to show his motive, intent, * * * or the defendant's scheme, plan or system in doing the act, in question, may be proved, whether they are contemporaneous with or prior or subsequent thereto; notwithstanding that such proof may show or tend to show the commission of another or prior or subsequent crime by the defendant.'' 3 Comp. Laws 1929, § 17320 (Stat. Ann. § 28.1050).

For cases presenting situations similar to the instant case, see *People* v. *Guise,* 262 Mich. 72; *Peo-*

ple v. *Stuart,* 274 Mich. 246; *People* v. *Hopper,* 274 Mich. 418.

Appellant also asserts that the trial court committed prejudicial error in assuming a hostile attitude towards respondent and his counsel. The record discloses some unfortunate colloquy passed between the court and appellant's counsel during the course of the trial, but such colloquy was largely, if not wholly, provoked by the attitude of counsel. The trial was hotly contested for a period of 10 days and approximately 60 witnesses were sworn. It is not to be wondered there were some imperfections, but the court's attitude towards appellant or his counsel was not of such a character as to justify granting a retrial.

Error is also asserted because a motion of defendant that the case be remanded for further examination was denied. This motion was planted upon the ground that the justice before whom the examination was conducted had previously been a witness against defendant in a civil suit and that the justice was not of an impartial mind. The record before us does not contain the testimony taken on the preliminary examination. In the absence of such testimony, and especially in view of the holding of the circuit judge who passed upon the motion to remand, we must assume the examination disclosed that the offense charged had been committed and that there was probable cause to believe that defendant was guilty. Under such a record there could be no justification for remanding for further examination because of the reasons urged by defendant.

Some rather inconsequential errors are urged in the charge of the court to the jury. Technically there may be some imperfections, but taken as a whole we think the charge fairly presented to the

jury the issues to be tried and sufficiently protected the rights of defendant.

Other assigned errors concern certain testimony taken on rebuttal and bearing upon the credibility of the defendant who was a witness in his own behalf, the refusal of the court to grant a continuance immediately before the trial of the case was reached on the ground of prejudice resulting from certain articles appearing in the local press, also because of claimed prejudicial remarks in the prosecuting attorney's argument to the jury, and the court's denial of defendant's motion for new trial. We have given consideration to the respective claims of error presented by appellant but we do not find in them anything sufficiently prejudicial to justify setting aside the verdict of the jury. 3 Comp. Laws 1929, § 17290 (Stat. Ann. § 28.1016). The conviction and sentence passed are affirmed.

WIEST, C. J., and BUTZEL, BUSHNELL, SHARPE, POTTER, CHANDLER, and McALLISTER, JJ., concurred.