PEOPLE v. KIRILLIDIS.

1. CRIMINAL LAW—RECEIVING STOLEN GOODS—EVIDENCE OF GAMBLING.

In prosecution for receiving stolen goods, knowing the same to have been stolen, claim that testimony of gambling on premises by various boys, including the one who sold defendant a stolen alarm clock, was admissible to show that defendant's plan was to allow them to dissipate the illegally gotten gains and by virtue of sale of the goods to incite them to gamble *held*, not supported by record which is silent as to any connection between alleged gambling and crime charged (3 Comp. Laws 1929, § 17320; Act No. 328, § 535, Pub. Acts 1931).

2. SAME—RECEIVING STOLEN GOODS—GAMBLING—SAVING QUESTIONS
FOR REVIEW.

    In prosecution for receiving stolen goods, knowing the same to
    have been stolen, where theory of people's case was that sale
    of goods was part of plan to incite gambling by boys who
    brought the goods, defendant's objection that testimony of
    gambling was not connected with the crime charged *held*,
    stated with sufficient clarity to save question for review as to
    admissibility in evidence of testimony of other offenses (3
    Comp. Laws 1929, § 17320; Act No. 328, § 535, Pub. Acts
    1931).

Appeal from Recorder's Court of Detroit; Murphy
(George), J.   Submitted June 16, 1938.   (Docket
No. 105, Calendar No. 40,110.)   Decided October 3,
1938.

Minas Kirillidis was convicted of receiving stolen
property.   Reversed and new trial granted.

*O'Hara, Montgomery & Amberson,* for appellant.

*Raymond W. Starr,* Attorney General, *Duncan C.
McCrea,* Prosecuting Attorney, and *William L.
Brunner,* Assistant Prosecuting Attorney, for the
people.

BUSHNELL, J.   Defendant was convicted by the
trial judge, sitting without a jury, of the crime of
receiving stolen property, in violation of the Michi-
gan Penal Code, Act No. 328, § 535, Pub. Acts 1931
(Comp. Laws Supp. 1935, § 17115–535, Stat. Ann.
§ 28.803).   Defendant operated a restaurant and
candy store in the city of Detroit near one of the
city's high schools.   The people's chief witness,
Charles Schmidt, a 16-year old school boy, testified
that he stole a 98-cent alarm clock from a drug store
and sold it to the defendant on January 18, 1938.

This witness also testified that he had previously stolen some cigarettes, a lighter, and a thermos bottle, which he also sold to the defendant, and that he told him that the merchandise was stolen. The witness also claimed that defendant asked him to steal other articles. Defendant was only charged with receiving the stolen alarm clock.

During the course of the trial, over defendant's objection, Schmidt was permitted to testify that he had gambled on the premises of the defendant, in the rear of the latter's store, with money given him by defendant for stolen property; that this gambling consisted of rolling dice with other boys, and that defendant had knowledge of the gambling. The testimony does not show whether the gambling occurred about the time the alarm clock was sold nor is it connected up with other claimed crimes.

Defendant took the stand in his own behalf and denied the charge laid against him. He stated, in substance, that he did his own cooking and serving in the restaurant and that kept him pretty busy all day; that boys had tried to sell him different things from time to time but that he had refused to buy; that he had never been told any articles they had to sell were stolen. In response to questions from his own counsel, defendant testified that a cigarette lighter was sold to him by a boy named Bob and that two pipes were sold in his place of business to others by some boys. Robert Holecheck, a high school student, testified that he had bought the cigarette lighter he sold defendant. The mother of a boy who testified that he saw witness Schmidt sell the alarm clock to the defendant was called as a rebuttal witness for the people. She testified that, in visiting defendant's place of business about the first part of November, she saw 8 or 10 boys playing dice, with

money, on the floor of the restaurant in front of an unidentified man who was standing behind the counter. Defendant's objection to her testimony was overruled by the trial judge. Defendant says the reception of this testimony and that of Schmidt with respect to gambling was reversible error.

We are not unmindful of the statutory provision that where "defendant's scheme, plan or system in doing an act is material, any like acts or *other* acts of the defendant which may tend to show his motive, intent, * * * may be proved whether they are contemporaneous with or prior or subsequent thereto; notwithstanding that such proof may show or tend to show the commission of another or prior or subsequent crime by the defendant." 3 Comp. Laws 1929, § 17320 (Stat. Ann. § 28.1050).

The people argue in their brief that the objectionable testimony was properly admitted to show that defendant's "plan" was to "induce and allow a dissipation of the illegally gotten gains of the various school boys obtained from him by virtue of the sale of stolen property by allowing and inciting them to gamble. His plan might have been to induce them to dissipate their funds by drinking and if it had been, it is our claim that the people could have shown it, even though it would tend to show the commission by the defendant of other criminal acts, not as bearing on his intent or motive or the possibility that he might have been inclined to commit such a crime as receiving stolen property, but as bearing directly on his scheme or plan for perpetrating his criminal acts."

We have recently discussed the admissibility of such testimony, under the statute heretofore quoted, in *People* v. *Kalder,* 284 Mich. 235, in which other cases are cited and discussed, among them several

in which the court held that it was reversible error to admit testimony without a connection being disclosed between the "like acts or other acts" and the offense charged. The argument of the people is persuasive but the testimony in the record fails to substantiate their theory, above quoted, and is silent as to any connection between the alleged gambling on the premises and the receiving of stolen property.

The people claim that the objections made by defendant to the testimony were insufficient to save the question on this appeal. It may be that defendant did not state his objections as clearly as he might have but it is evident, from a reading of the record, that the court and prosecutor were aware of the ground of defendant's objections, namely, the failure of the prosecutor to connect up the testimony as to the gambling with the crime charged. See *Kost* v. *Bender*, 25 Mich. 515.

The judgment of the trial court is reversed and new trial ordered.

Wiest, C. J., and Sharpe, Potter, Chandler, North, and McAllister, JJ., concurred. Butzel, J., took no part in this decision.