PEOPLE v. GOLNER.

1. CRIMINAL LAW—FORGERY—CREDIBILITY OF ACCOMPLICE—CONFESSION—CREDIBILITY—QUESTION FOR JURY.
    In prosecution for uttering forged checks, credibility of testimony of accomplice who confessed participation in such activity was for consideration of jury notwithstanding confessor's previous prison record (Act No. 328, § 249, Pub. Acts 1931).

2. SAME—FORGERY—OTHER OFFENSES—INTENT—EVIDENCE.
    In prosecution for uttering forged checks it was proper to admit testimony of accomplice of like acts committed outside of county of prosecution under instruction that consideration thereof was confined to intent of defendant who abetted and participated in committing the crime (3 Comp. Laws 1929, §§ 17253, 17320; Act No. 328, § 249, Pub. Acts 1931).

3. SAME—FORGERY—OTHER OFFENSES AS EVIDENCE OF INTENT, ABSENCE OF MISTAKE OR ACCIDENT.
    Evidence of like acts to that upon which prosecution for uttering forged checks was based was admissible to show his motive, intent, absence of mistake, or accident on his part (3 Comp. Laws 1929, § 17320; Act No. 328, § 249, Pub. Acts 1931).

4. SAME—FORGERY—EVIDENCE.
  Verdict of conviction *held*, sustained by evidence in prosecution of itinerant utterer of forged checks (Act No. 328, § 249, Pub. Acts 1931).

Appeal from Grand Traverse; Weimer (George V.), J., presiding. Submitted January 1., 1944. (Docket No. 78, Calendar No. 42,224.) Decided April 3, 1944. Rehearing denied May 17, 1944.

Jacob C. Golner was convicted of uttering and publishing a forged check with intent to defraud. Affirmed.

*Benjamin Knoppow* and *Wm. Henry Gallagher* (*Clare E. Hoffman*, of counsel, on application for rehearing), for appellant.

*Herbert J. Rushton*, Attorney General, *Edmund E. Shepherd*, Solicitor General, and *Daniel J. O'Hara*, Assistant Attorney General, for the people.

WIEST, J. Upon trial by jury in the Grand Traverse circuit court defendant was convicted of the crime of uttering and publishing as true a false and forged check with intent to defraud and was sentenced.* He reviews by appeal, claiming the verdict was against the great weight of the evidence; there was no evidence that he abetted or participated in the crime and there was error in admitting testimony of similar acts in other counties immediately preceding the act in question and that such might be considered as bearing upon defendant's intent. The principal witness against defendant was Louis Weinstein, who pleaded guilty to passing the check, and he testified in behalf of the people that he had blank checks printed in Ohio, purporting to

* See Act No. 328, § 249, Pub. Acts 1931 (Comp. Laws Supp. 1940, § 17115-249, Stat. Ann. § 28.446).—REPORTER.

be checks of the Gillette Safety Razor Company of Boston, Massachusetts, and gave them to defendant who lived in Detroit. There a fictitious payee, G. H. Harris, was typewritten therein by defendant and Weinstein had possession thereof when he and defendant started north toward Traverse City in defendant's automobile. On the way there Weinstein, at several towns, indorsed and passed the forged checks in making purchases which he placed in defendant's waiting car. When they reached Traverse City Weinstein went into a drug store, while defendant waited in his automobile outside, and there Weinstein indorsed one of the forged checks in the name of the fictitious payee and used the same in purchasing merchandise, which he took out of the store and placed in defendant's automobile. He also testified that when they returned to Detroit he divided with defendant the proceeds acquired through passing of the forged checks.

Defendant claims that the trip north was to make purchases of merchandise offered for sale. If the jury believed the testimony of Weinstein defendant was an active aider and abettor in the uttering of the forged checks. But, it is urged that on account of the previous prison record of Weinstein he ought not to have been believed. This was for consideration of the jury and we may not use the argument on this review. When evidence was offered of like acts, of uttering the forged checks in other towns on the way to Traverse City, objection was made and the court ruled and instructed the jury that such other acts outside of the county of Grand Traverse could only be considered so far as the same bore upon the intent of defendant. If defendant aided and abetted the passing of forged checks by Weinstein, then he could be convicted as a principal, and there was no reversible error in the mentioned rul-

ing and instruction by the court. 3 Comp. Laws 1929, § 17253 (Stat. Ann. § 28.979). Defendant's intent was involved and in such case it was proper to introduce like acts on the trip north to show his motive, intent, absence of mistake, or accident on his part. 3 Comp. Laws 1929, § 17320 (Stat. Ann. § 28.1050). We cannot find the evidence failed to establish defendant's guilt beyond a reasonable doubt.

We find no reversible error and the conviction is affirmed.

NORTH, C. J., and STARR, BUTZEL, BUSHNELL, SHARPE, BOYLES, and REID, JJ., concurred.