PEOPLE v PENA

Docket No. 78-1927. Submitted December 18, 1979, at Detroit.—De-
    .cided January 16, 1980.

Jesus Z. Pena was convicted of armed robbery, St. Clair Circuit
    Court, Halford I. Streeter, J. At trial defendant claimed he did
    not have the requisite specific intent to commit the crime
    because he was intoxicated from alcohol and mescaline. Defen-
    dant testified that he had never robbed anyone before. On
    cross-examination he denied committing a prior robbery in
    1974. The prosecution called two rebuttal witnesses. Their
    testimony indicated that defendant used his car to drop them
    off at the time of the prior robbery and picked them up after
    the robbery and that he received some proceeds of that robbery.
    Both denied that defendant participated in that robbery and
    there was no testimony that defendant knew that a robbery
    was going to be or had been committed. Defendant appeals by
    leave granted. *Held:*

1. There was a lack of substantial evidence to show that
    defendant committed the prior robbery; therefore, admission of
    the rebuttal testimony was error because it did not tend to
    disprove defendant's statement that he never robbed anyone
    before.

2. It was error to allow the prosecutor to refresh the memory
    of one of the rebuttal witnesses, when that witness denied that
    his memory needed refreshing. Furthermore, the prosecutor
    could not have impeached that witness with a prior inconsis-
    tent statement because the witness was a prosecution witness,
    was not a hostile witness and one whom the prosecutor had no
    obligation to call.

3. The errors were not harmless beyond a reasonable doubt
    because they affected the credibility of defendant's contention
    that he lacked the specific intent to commit the crime.

Reversed and remanded.

REFERENCES FOR POINTS IN HEADNOTES
[1] 81 Am Jur 2d, Witnesses § 612 *et seq.*
[2] 81 Am Jur 2d, Witnesses §§ 438, 443.
[3] 81 Am Jur 2d, Witnesses § 619 *et seq.*

1. WITNESSES — EVIDENCE — CONTRADICTORY EVIDENCE — ADMISSIBIL-
   ITY.
   Generally, the only type of contradictory evidence that is admissi-
   ble is that which directly tends to disprove the exact testimony
   given by a witness.

2. WITNESSES — CRIMINAL LAW — RECOLLECTION — REFRESHING
   RECOLLECTION.
   A prosecutor is not allowed to refresh the memory of a witness
   where the witness denied that his memory needs refreshing.

3. WITNESSES — CRIMINAL LAW — IMPEACHMENT — PRIOR INCONSIS-
   TENT STATEMENTS.
   Generally, a party may not impeach his own witness; a prosecu-
   tion witness, who the prosecutor had no obligation to call,
   cannot be impeached with a prior inconsistent statement.

*Frank J. Kelley,* Attorney General, *Robert A. Derengoski,* Solicitor General, *Peter E. Deegan,* Prosecuting Attorney, and *Peter R. George,* Chief Appellate Attorney, for the people.

*Susan J. Smith,* Assistant State Appellate Defender, for defendant on appeal.

Before: D. C. RILEY, P.J., and R. B. BURNS and D. E. HOLBROOK, JR., JJ.

PER CURIAM. Defendant was convicted by a jury of armed robbery, MCL 750.529; MSA 28.797. Thereafter sentenced to a prison term of 15 to 40 years, defendant appeals following this Court's grant of a motion for delayed appeal.

At trial defendant claimed he did not have the requisite specific intent to commit the crime of robbery because he was so intoxicated from alcohol and mescaline. To this end, defendant testified that he had never robbed anyone before. On cross-examination, defendant denied committing a prior robbery on September 18, 1974, with his brother Robert Puente and Lee Lerma. The prosecution called Robert Puente and Lee Lerma in rebuttal. Their testimony indicated that defendant dropped

them off in his car before the September 18, 1974, robbery and picked them up afterwards, and that defendant received some of the proceeds of the robbery, but both denied that defendant participated in said robbery. Also, there was no testimony that defendant knew that a robbery was going to be or had been committed.

Admission of this testimony was error because it did not tend to directly disprove defendant's statement. *People v McGillen #1,* 392 Mich 251; 220 NW2d 677 (1974). Substantial evidence that defendant committed the prior robbery was lacking. *People v Davis,* 343 Mich 348; 72 NW2d 269 (1955), *People v Wilkins,* 82 Mich App 260; 266 NW2d 781 (1978).

Additionally it was error to allow the prosecutor to "refresh" the memory of Robert Puente when Puente denied that his memory needed refreshing. *Battle Creek Food Co v Kirkland,* 298 Mich 515, 527; 299 NW 167 (1941). The prosecutor could not have impeached Puente with a prior inconsistent statement, since Puente was the prosecutor's witness, whom the prosecutor had no obligation to call. *People v White,* 401 Mich 482; 257 NW2d 912 (1977). Puente was not a hostile witness, as the prosecutor could hardly have been surprised when defendant's brother, who had already testified for defendant, declined to implicate defendant in a prior robbery. *People v White, supra.* Nor are these errors harmless beyond a reasonable doubt. They affected the credibility of defendant's contention that he lacked the specific intent to commit the crime.

Resolution of the foregoing being dispositive, discussion of appellant's remaining allegations of error is rendered unnecessary. Moreover, we find same to be without merit.

Reversed and remanded for a new trial.