PEOPLE v BLEDSOE

1. Witnesses—Impeachment—Prior Conviction—Prior Sentence.

    Prior convictions may be shown for the purpose of testing the credibility of a witness but evidence of prior sentences may not (MCLA 600.2158).

2. Criminal Law—Evidence—Prior Bad Acts—Admissibility—Objection—Discretion—Instructions to Jury.

    Cross-examination regarding prior acts is admissible to show the criminal intent of the defendant to do the crime he is being tried for, but where there is an objection by the defendant an exercise of the trial court's discretion is required to determine whether any probative value is outweighed by potential prejudice and, if such evidence is admitted, the jury should be instructed as to its limited use (MCLA 768.27).

3. Criminal Law—Evidence—Prior Acts—Admissibility—Criminal Intent—Disposition.

    It is difficult to see how a separate assault incident not alleged to be part of the same scheme or plan can shed light on the question of the criminal intent of the defendant in a later felonious assault trial; evidence of prior bad acts cannot be introduced under the statute merely for the purpose of showing a disposition to do a criminal act (MCLA 768.27).

Appeal from St. Clair, Halford I. Streeter, J. Submitted Division 2 March 6, 1973, at Lansing. (Docket No. 13961.) Decided April 25, 1973.

Lawrence M. Bledsoe was convicted of felonious assault. Defendant appeals. Reversed and remanded for new trial.

References for Points in Headnotes

[1] 53 Am Jur, Trial § 783.

[2, 3] 29 Am Jur 2d, Evidence § 324.

*Frank J. Kelley,* Attorney General, *Robert A. Derengoski,* Solicitor General, *Walter W. Turton,* Prosecuting Attorney, and *R. R. Spillard,* Assistant Prosecuting Attorney, for the people.

*Stuart M. Israel,* Assistant State Appellate Defender, for defendant.

Before: DANHOF, P. J., and HOLBROOK and BASHARA, JJ.

DANHOF, P. J. Defendant was convicted by a jury of felonious assault, MCLA 750.82; MSA 28.277, and sentenced to a term of three to four years in prison. He appeals. We reverse.

Defendant claims that the trial court committed reversible error in failing to grant his motion to forbid the prosecutor to inquire into the sentencing details of defendant's past criminal record. After the people had rested their case, defendant's trial counsel informed the court in the absence of the jury that defendant would testify in his own behalf. It was acknowledged that defendant had an extensive criminal record and that this record would be brought out on direct examination. Defense counsel then listed defendant's prior convictions and asked the prosecutor if there were any more to be added. The court's ruling on the motion and defense counsel's objection can be quoted from the record:

"*The Court:* I think his credibility becomes an issue. I don't think that includes character but I do think you are entitled to follow up his convictions as to what happened, his parole violations and so forth. That certainly bears upon the credibility as well as the convictions, in my opinion. That's part of the conviction.

"*Mr. Beauchamp:* I would like the record to show a standing objection to this. I don't intend to be objecting

in front of the jury, but have placed my position on the record·and would like to continue my objection.

"*The Court:* You may have continuing objection to the follow up of his convictions."

Defendant took the stand and testified as to his version of the events surrounding the crime of which he was charged. Defense counsel then brought out all of defendant's prior convictions. On cross-examination, the prosecutor brought before the jury the sentences of some of these prior convictions.

By statute prior convictions may be shown for the purpose of testing the credibility of a witness. MCLA 600.2158; MSA 27A.2158. This statute has been construed by this Court to preclude evidence of prior sentences. *People v Nelson White,* 26 Mich App 35 (1970); *People v Ungurean,* 35 Mich App 143 (1971). We hold that it was reversible error to allow the defendant to be cross-examined on the sentencing aspects of his prior convictions.

Defendant contends that it was reversible error for the trial court to allow the defendant over objection to be cross-examined concerning a prior alleged assault upon an individual who was not the victim of the crime alleged in the case at bar. The defendant was not convicted of any crime arising out of that incident. The people justified this cross-examination on the basis of MCLA 768.27; MSA 28.1050 as tending to show the criminal intent of the defendant. Upon retrial, the court should be aware that, even when evidence of prior acts is admissible under this statute, an objection calls for an exercise of discretion to determine whether any probative value is outweighed by potential prejudice. If such evidence is admitted, the jury should be instructed as to its limited use. *People v Flansburgh,* 24 Mich App 470 (1970).

Moreover, we find it difficult to see how a separate assault incident not alleged to be part of the same scheme or plan can shed light on the question of criminal intent. Evidence of prior bad acts cannot be introduced under the statute merely for the purpose of showing a disposition to do a criminal act. *People v Chism,* 32 Mich App 610, 624 (1971), *leave to appeal granted,* 387 Mich 760 (1972).

Defendant complains that the trial court erred in denying defendant's motion to omit from the jury's consideration that portion of the preliminary examination transcript which dealt with the district court's finding of probable cause. The confusion at trial on the issue raised here was the result of defense counsel's own ambiguous "stipulation". Upon retrial, if the defendant desires that any portion of the preliminary examination transcript be considered by the trier of fact, he should make his wishes clear to the court.

Reversed and remanded for a new trial.

All concurred.