PEOPLE v GOLOCHOWICZ

Docket No. 77-2319. Submitted November 13, 1978, at Lansing.—
Decided March 19, 1979.

Jerome J. Golochowicz was convicted in Oakland Circuit Court,
Frederick C. Ziem, J., of first-degree murder. The case against
defendant was circumstantial. The evidence tended to show
that he was in possession of several items of personal property
taken from the decedent's home (site of the murder), that his
fingerprints had been found in the decedent's home, and that
he had committed a subsequent murder. Defendant's appeal as
of right raises a single meritorious issue: did the trial court err
in admitting evidence of the other murder under the similar acts
statute? *Held:*

Evidence that defendant had committed another murder was
clearly material to a matter in issue and there was substantial
evidence of its commission by the defendant. The circumstances
surrounding the other alleged murder were sufficiently special
and similar to the circumstances surrounding the charged
murder to be probative of the identity of its perpetrator and
the defendant disputed his identity as the murderer. The trial
judge properly admitted testimony concerning the second mur-
der. It was material, its probative value outweighed its prejudi-
cial effect, and the record was sufficient to show that the judge
exercised his discretion in ruling on the admissibility of this
evidence as required by statute and case precedent.

Affirmed.

CYNAR, P.J., concurred separately.

OPINION OF THE COURT

1. CRIMINAL LAW — EVIDENCE — SIMILAR ACTS — PROBATIVE VALUE
— PREJUDICIAL EFFECT — JUDGE'S DISCRETION — APPEAL AND
ERROR.

The Court of Appeals, in reviewing a trial court's decision to

REFERENCES FOR POINTS IN HEADNOTES
[1, 3, 5] 29 Am Jur 2d, Evidence § 333.
[2] 29 Am Jur 2d, Evidence § 320 *et seq.*
[4] 29 Am Jur 2d, Evidence § 321.

allow evidence of similar bad acts, is required to determine three issues: (1) was the evidence material to a matter in issue; (2) did the trial court, balancing many factors, determine whether the prejudicial effect of the evidence would not substantially outweigh its probative value; and (3) did the trial court abuse its discretion in determining that the evidence was substantially more probative than prejudicial.

2. Criminal Law — Evidence — Similar Acts — Discretion.

A trial court is not required to identify and indicate its exercise of discretion in determining whether evidence of similar bad acts is admissible.

3. Criminal Law — Evidence — Similar Acts — Probative Value — Prejudicial Effect — Judge's Discretion — Abuse.

A trial judge did not abuse his discretion in allowing similar acts testimony into a trial where the record was sufficient to show that he exercised his discretion in determining the materiality of such evidence and that the probative value outweighed its prejudicial effect.

4. Criminal Law — Evidence — Similar Acts — Admissibility — Judge's Discretion — Statutes.

Generally, evidence of other crimes is not admissible at trial because it precludes an objective assessment by the jury; however, the similar acts statute creates an exception to this general rule and where the statute is applicable, a trial judge, in the proper use of his discretion, may admit evidence of other similar acts or crimes.

Concurrence by Cynar, P.J.

5. Criminal Law — Evidence — Similar Acts — Probative Value — Prejudicial Effect — Judge's Discretion.

*Evidence of other similar acts was properly admitted at trial where the evidence clearly falls within the similar acts statute, the probative value of the evidence outweighed its prejudicial effect and the record supports the conclusion that the trial judge recognized his discretion in ruling on the admissibility of the similar acts evidence.*

*Frank J. Kelley,* Attorney General, *Robert A. Derengoski,* Solicitor General, *L. Brooks Patterson,* Prosecuting Attorney, *Robert C. Williams,* Chief

Appellate Counsel, and *Michael J. Modelski,* Assistant Prosecuting Attorney, for the people.

*Denison, Porter & Bartush,* for defendant on appeal.

Before: CYNAR, P.J., and R. B. BURNS and M. B. BREIGHNER,* JJ.

M. B. BREIGHNER, J. Defendant was jury convicted of first-degree murder. MCL 750.316; MSA 28.548. The trial judge sentenced him to life imprisonment.

The case against defendant was circumstantial. The evidence against him tended to show that he was in possession of several items of personal property taken from the decedent's home (site of the murder), that his fingerprints had been found in the decedent's home, and that he had committed a subsequent and separate murder. The defense primarily attacked the credibility of testimony establishing these circumstantial facts. Defense counsel rested on the argument that the state had not shown beyond a reasonable doubt that defendant had committed the murder with which he was charged.

Defendant's appeal as of right raises a single meritorious issue. Did the trial court err in allowing evidence of another murder under the "similar acts" statute, MCL 768.27; MSA 28.1050, as refined by the Supreme Court in *People v Oliphant,* 399 Mich 472; 250 NW2d 443 (1976), and by this Court in *People v Wilkins,* 82 Mich App 260; 266 NW2d 781 (1978)?

In reviewing a trial court's decision to allow evidence of similar bad acts, *Oliphant* and *Wilkins*

---

* Circuit judge, sitting on the Court of Appeals by assignment.

require us to determine three issues: (1) was the evidence material to a matter in issue; (2) did the trial court, balancing many factors, determine whether the prejudicial effect of the evidence would not substantially outweigh its probative value; and (3) did the trial court abuse its discretion in determining that the evidence was substantially more probative than prejudicial?

In the present case the evidence that defendant had committed another murder was clearly material to a matter in issue. There was substantial evidence of its commission by the defendant.[1] The circumstances surrounding the other alleged murder were sufficiently special and similar to the circumstances surrounding the charged murder to be probative of the identity of its perpetrator.[2] The defendant disputed his identity as the murderer. See also *People v Wilkins, supra* at 269; 266 NW2d at 786 (identity always in dispute).

It is not clear whether the trial court determined that the prejudicial effect of the evidence

_____

[1] A witness testified that he accompanied the defendant to a home on Muirland Street in Detroit. Inside he discovered a corpse. According to the witness he accompanied the defendant to the Muirland home to purchase a television defendant has offered to sell. They entered the home without a key. After discovering the body they removed several items of personal property including a television similar to the one defendant had offered to sell. The next day on the way to pawn some of the items taken from the house, defendant confessed to the Muirland Street murder and described how he accomplished it. Immediately thereafter he withdrew the confession. Compare *People v Duncan,* 402 Mich 1; 260 NW2d 58 (1977) with *People v Roeder,* 79 Mich App 595; 262 NW2d 872 (1977).

[2] Both victims were strangled with household items which were left on the necks of the victims. Neither residence showed signs of forced entry or disarray. Both killings occurred within a relatively short time, the principal one on or about October 29, the one on Muirland Street in Detroit on or about November 1. In both cases the defendant was shown to have taken or been in possession of personal property of the decedent. The victims were similar in that at the time of or shortly before their deaths they resided with male roommates. Compare *People v Padgett,* 306 Mich 545; 11 NW2d 235 (1943), with *People v Kelly,* 386 Mich 330; 192 NW2d 494 (1971).

would not substantially outweigh its probative value.

In a closely analogous case, *People v Jackson,* 391 Mich 323; 217 NW2d 22 (1974), the Supreme Court has held that a trial court commits reversible error if it does not recognize that it has discretion to admit or preclude evidence of a witness's prior convictions even if they are relevant and material to the issue of the defendant's credibility as a witness. In *People v Cherry,* 393 Mich 261; 224 NW2d 286 (1974), the Supreme Court ruled that "In order to comply with *Jackson* the trial court must positively indicate and identify its exercise of discretion".

No reported appellate decision in this state has expressly applied the *Cherry* order to *Oliphant.* In *Oliphant* itself, the Court did find that the trial judge had recognized that the similar acts statute is cast in permissive language and undertook to balance probative value against prejudicial impact. The *Wilkins* panel did not reach the issue of whether the trial court in fact had exercised its discretion under *Oliphant.* The trial court's admission of evidence of other bad acts in that case was found to be erroneous because the evidence was immaterial under the *Oliphant* standards. In *People v Duncan,* 402 Mich 1; 260 NW2d 58 (1977), three justices found that a trial judge had not abused his discretion in admitting evidence of other bad acts, noting that the trial judge had "carefully considered the matter". *Id.* at 14; 260 NW2d at 61. Justice WILLIAMS concurred in the result. Justice LEVIN dissented. Citing *People v Cherry,* he argued that the record did not support the conclusion that the trial judge had carefully considered the matter.

We fail to discern a distinction between *Oli-*

*phant* and *Jackson* that reasonably would preclude us from applying the *Cherry* order to *Oliphant.* However, we believe it would be inexpedient for us to so extend *Cherry* in light of the Supreme Court's opportunity and neglect to do so in *Duncan.* It would be especially inexpedient for us to extend *Cherry* in view of Justice Levin's dissent in *Duncan* which suggested that a different result would have obtained in that case had *Cherry* been applicable. Thus, we do not hold that in order to comply with *Oliphant* a trial court must positively identify and indicate its exercise of discretion.

Nonetheless, it is still our duty to determine whether the trial judge in this case properly exercised his discretion under *Oliphant. People v Jackson, supra.*

The record reveals that there was extensive argument on the issue of admissibility. Mainly, the prosecutor and defense counsel debated whether the other murder would be probative of any of the statutorily authorized matters and whether the proof of its occurrence would be substantial. One point made by defense counsel did relate to the balancing prong of the *Oliphant* test. "The last thing", he contended, "is that my client is standing trial for the [other murder], strictly on evidence produced in this trial by this witness about to take the stand. He has to go on May 18 and defend that all over again." This intimates most strongly the possibility of confusion, unfairness and undue delay.

After hearing this debate the trial judge stated, "In view of the Oliphant case, it seems like almost anything is admissible". He then pointed to several factors that made the state's position in this case weaker than its position in *Oliphant.* The judge noted that there was less substantial evi-

dence that the present defendant had committed the other bad act. In addition he pointed out that there was going to be a great deal of evidence in this case that the other murder was dissimilar to the one for which defendant was on trial. (There was going to be evidence that the cause of death was different.) Nonetheless, the trial judge concluded, "In view of the Statute, and in view of the People versus Oliphant, this Court's opinion is that this testimony is permissible".

Three aspects of this record are central to our determination of whether the trial judge complied with *Oliphant.*

First of all, the transcript does not reveal any formal recognition and exercise of discretion. Compare *People v Strickland,* 78 Mich App 40, 53; 259 NW2d 232, 238 (1977). However, the judge's recognition of *Oliphant* as controlling authority is some indication that he knew of his duty to balance. Also, by concluding that the evidence was "permissible" the trial judge seemed to acknowledge that the similar acts statute is cast in permissive language. *Cf., People v Burse,* 62 Mich App 204, 211-212; 233 NW2d 232, 235-236 (1975) (applying *Cherry).*

Secondly, the tone of the ruling suggests that this trial judge would allow evidence of similar bad acts in almost all cases. Yet, in the *Jackson-Cherry* line of cases this Court has said, "[B]y allowing trial judges discretion in these matters, the Supreme Court must have accepted the fact that some judges would lean to allow impeachment in most cases, whereas others would usually prohibit it". *People v Strickland, supra.*

Thirdly, there is no on-the-record balancing of the factors enumerated in *Oliphant* and *Wilkins* that weigh in the determination of probative value

and prejudice. Moreover, the factors articulated by the court to distinguish this case from *Oliphant* were factors indicative of materiality only. This suggests that the trial judge was primarily concerned with the materiality prong of the *Oliphant* test. As related above, while there was extensive argument on the issue of admissibility, there was no extensive argument on the point of probative value versus prejudice. Compare *People v Oliphant, supra* at 493; 250 NW2d at 451. In this context, the court's statement that nearly all things are admissible under *Oliphant* may be read as a statement that nearly anything is material under *Oliphant.* That of course only states half the test. On the other hand, this Court has held that even under the *Cherry* standard, a trial court need not make a record of its balancing. *People v Strickland, supra.* But see *People v Florida,* 61 Mich App 653, 665 fn 2; 233 NW2d 127, 134 fn 2 (1975). Also, as related above, defense counsel did make at least one point that related to the second part of the *Oliphant* test.

We find that this record is sufficient to show the trial judge exercised his discretion under *Oliphant.* While recognizing the highly inflammatory impact of testimony linking an accused murderer to another murder, we further hold that the trial court did not abuse its discretion in allowing the similar acts testimony in this case. See *People v Duncan, supra* at 14-15; 260 NW2d at 61.

For guidance in future trials, however, we note our disagreement with the trial court's assertion that almost anything is admissible under *Oliphant.* Our Supreme Court has repeatedly announced as a general rule that evidence of other crimes is not admissible, because it precludes an objective assessment of the evidence by the jury.

That is the norm. The similar acts statute creates an exception. *People v Oliphant* confines that exception. Most importantly, it emphasizes that such evidence may be excluded even if it is relevant and material. The *Oliphant* Court held that in determining admissibility a trial judge *must* balance many factors to determine whether the probative value of the evidence is outweighed by its prejudice. The matter remains discretionary with the trial court, but the presupposition is against admissibility.

Affirmed.

R. B. BURNS, J., concurred.

CYNAR, P.J. *(concurring).* I agree that no reversible error occurred in this case. The evidence regarding the other murder clearly falls within the similar acts statute, MCL 768.27; MSA 28.1050, *People v Oliphant,* 399 Mich 472; 250 NW2d 443 (1976). Although the record is not as clear as it should be, I believe it sufficiently supports the conclusion that the trial judge recognized his discretion in ruling on the admissibility of the "similar acts" evidence. As the majority properly concludes, the probative value of this evidence outweighed its prejudicial effect. Therefore, the evidence was properly admitted at trial.