## PEOPLE v MacMILLAN

Docket No. 78-3625. Submitted December 6, 1979, at Detroit.—Decided February 5, 1980. Leave to appeal applied for.

Defendant, Vincent MacMillan, was convicted of carrying a dangerous weapon with unlawful intent and felony-firearm in the Wayne Circuit Court, Joseph B. Sullivan, J. Defendant appeals, alleging double jeopardy and error in the admission of evidence of a prior bad act. *Held:*

1. Conviction of both carrying a dangerous weapon with unlawful intent and felony-firearm for a single incident does not violate the constitutional protection against double jeopardy.

2. Evidence of a defendant's prior bad act is inadmissible unless it satisfies the following requirements: (1) there must be substantial evidence that the defendant actually perpetrated the bad act sought to be introduced, (2) there must be some special circumstances of the prior bad act which tend to prove that the facts or circumstances of the other bad act are probative of the defendant's motive, intent, absence of mistake or accident, scheme, plan or system in committing the charged offense, (3) the defendant's motive, intent, absence of mistake or accident, scheme, plan or system must be material to the determination of the defendant's guilt of the charged offense, and (4) the matter which they tend to prove is disputed by the defendant in opening statement, by cross-examination of prosecution witnesses or by his presenting affirmative evidence on them. Evidence of a prior bad act which meets the criteria for admission is not rendered inadmissible by the fact that the defendant was found not guilty by reason of insanity of the act in an earlier criminal trial.

Affirmed.

1. CRIMINAL LAW — FELONY-FIREARM — DOUBLE JEOPARDY.
   Conviction of both carrying a dangerous weapon with unlawful

---

REFERENCES FOR POINTS IN HEADNOTES
[1] 21 Am Jur 2d, Criminal Law § 182 *et seq.*
[2, 3] 29 Am Jur 2d, Evidence §§ 320-333.
   30 Am Jur 2d, Evidence § 1175.

intent and felony-firearm for a single incident does not violate the constitutional protection against double jeopardy.

2. CRIMINAL LAW — EVIDENCE — PRIOR BAD ACTS — ADMISSIBILITY REQUIREMENTS.

Evidence of a defendant's prior bad act is inadmissible unless it satisfies the following requirements: (1) there must be substantial evidence that the defendant actually perpetrated the bad act sought to be introduced, (2) there must be some special circumstances of the prior bad act which tend to prove that the facts or circumstances of the other bad act are probative of the defendant's motive, intent, absence of mistake or accident, scheme, plan or system in committing the charged offense, (3) the defendant's motive, intent, absence of mistake or accident, scheme, plan or system must be material to the determination of the defendant's guilt of the charged offense, and (4) the matter which they tend to prove is disputed by the defendant in opening argument, by cross-examination of prosecution witnesses or by his presenting affirmative evidence on them.

3. CRIMINAL LAW — EVIDENCE — PRIOR BAD ACTS — ADMISSIBILITY — ACQUITTAL.

Evidence of a prior bad act which meets the criteria for admission is not rendered inadmissible by the fact that the defendant was found not guilty by reason of insanity of the act in an earlier criminal trial.

*Frank J. Kelley,* Attorney General, *Robert A. Derengoski,* Solicitor General, *William L. Cahalan,* Prosecuting Attorney, *Edward Reilly Wilson,* Principal Attorney, Appeals, and *A. George Best,* Assistant Prosecuting Attorney, for the people.

*Arthur J. Tarnow,* for defendant on appeal.

Before: MACKENZIE, P.J., and V. J. BRENNAN and D. F. WALSH, JJ.

D. F. WALSH, J. Defendant, Vincent MacMillan, was convicted by a jury of carrying a dangerous weapon with unlawful intent (Count I), MCL 750.226; MSA 28.423, and felony-firearm (Count II), MCL 750.227b; MSA 28.424(2). He was sen-

tenced to a prison term of two to five years on Count I and to the mandatory two-year term on Count II.

Defendant challenges his separate convictions on double jeopardy grounds. In *Wayne County Prosecutor v Recorder's Court Judge,* 406 Mich 374; 280 NW2d 793 (1979), *reh den* 406 Mich 1127 (1979), the Supreme Court upheld the felony-firearm statute, finding no violation of double jeopardy protections in separate convictions and consecutive sentence for both a "proper" felony and felony-firearm.[1] In particular, the Court found no double jeopardy violation in separate convictions and cumulative punishment for (1) armed robbery and felony-firearm, or (2) second-degree murder and felony-firearm. *Id.,* 396-398. With regard to separate convictions of armed robbery and felony-firearm, for example, the Court noted that proof of possession of a firearm is "not necessary to secure a conviction for armed robbery (any 'dangerous weapon' or 'article' used or fashioned so as to lead the victim to believe it is a dangerous weapon will satisfy the 'armed' requirement of the armed robbery statute)". *Id.,* 398. MCL 750.529; MSA 28.797.

In this case defendant was charged with and convicted of violation of the following statute:

"Any person who, with intent to use the same unlawfully against the person of another, goes armed with a pistol or other firearm or dagger, dirk, razor, stiletto, or knife having a blade over three [3] inches in length, or

---

[1] The Court identified the legislative intent underlying enactment of the felony-firearm statute:

"The Legislature has clearly expressed its judgment that carrying a firearm during any felony which may, but need not necessarily, involve the carrying of a firearm, entails a distinct social harm inimical to the public health, safety and welfare which deserves separate treatment. In order to deter the use of guns, the Legislature has chosen to create a separate crime." *Id.,* 391.

any other dangerous or deadly weapon or instrument, shall be guilty of a felony, punishable by imprisonment in the state prison for not more than five [5] years or by a fine of not more than two thousand five hundred [2,500] dollars." MCL 750.226, *supra.*

In our view, the Supreme Court's analysis of separate convictions of armed robbery and felony-firearm is fully applicable to the instant defendant's situation. The Supreme Court repeatedly emphasized that focus must be solely on the "legal" or "statutory" elements of the respective offenses, rather than on the particular factual occurrence giving rise to the charges. 406 Mich 374, 395-396. See *Blockburger v United States,* 284 US 299; 52 S Ct 180; 76 L Ed 306 (1932), *Harris v United States,* 359 US 19, 79 S Ct 560; 3 L Ed 2d 597 (1959), *Iannelli v United States,* 420 US 770; 95 S Ct 1284; 43 L Ed 2d 616 (1975).

Looking only to the "statutory" elements of the offenses involved in this case, the rule applied by the Supreme Court is satisfied. In order to convict defendant of felony-firearm, the prosecution was legally required to prove that defendant carried or possessed a firearm and that the firearm was carried or possessed during the commission of *any* felony or attempted felony. *Wayne County Prosecutor, supra,* 397-398. Conviction of Count I, on the other hand, required proof (1) that defendant was armed with a dangerous or deadly weapon or instrument, (2) that at the time he was so armed he intended to use the weapon, and (3) that he intended to use the weapon unlawfully against the person of another. MCL 750.226.

In denying defendant's motion to dismiss the felony-firearm charge, the trial court correctly noted that the felony involved in this case does not necessarily involve the carrying of a firearm:

"Now, in this particular case, we have a sort of situation where the original charge under the statute is carrying a dangerous weapon with unlawful intent.

"The second count is possession of a firearm in the commission of a felony. A dangerous weapon may mean things as stated in the statute itself or pardon me, in the instruction. Various types of weapons are listed as falling within the purview of the statute.

"Pistol, firearm, dagger, razor, stiletto, knife having a blade over three inches, dangerous or deadly weapon or instrument and so it is more than just a firearm.

"That is the distinction here that I rely on and that is the difference. The legislature has decided that if people are going to go out and commit a crime that there is going to be an extra penalty imposed if the dangerous weapon selected is a firearm. If one in the commission of a crime decides to use some other type of weapon, then that statute does not apply.

"So, the element that is added here, is the fact that the dangerous weapon is a firearm * * *.

\* \* \*

"Different policies have come into play when one uses or possess [sic] a certain deadly weapon during a crime instead of a less dangerous weapon. The certain deadly weapon that puts it into the category of the second offense is this gun.

"Therefore, we do have a different element in law here and the motion of the defendant is therefore denied."[2]

On the authority of *Wayne County Prosecutor, supra,* therefore, we reject defendant's double jeopardy challenge to his separate convictions of carrying a dangerous weapon with unlawful intent and felony-firearm.

Defendant raises one evidentiary issue, challenging the trial court's ruling that evidence of a prior

---

[2] In support of its ruling, the trial court relied on *Kowalski v Parratt,* 533 F2d 1071 (CA 8, 1976), *cert den* 429 US 844; 97 S Ct 125; 50 L Ed 2d 115 (1976). The *Kowalski* decision was cited with approval in *Wayne County Prosecutor, supra,* 398.

act of defendant was admissible. Examination of the record and consideration of the arguments of counsel reveal no error. The requirements set forth in *People v Wilkins,* 82 Mich App 260, 267-268; 266 NW2d 781 (1978), *lv den* 406 Mich 857 (1979), were satisfied: (1) There was substantial evidence that defendant perpetrated the prior act. (2) The circumstances surrounding the prior act were probative of defendant's intent to use the weapon in this case unlawfully against the person of another. There was substantial similarity between the prior act and the offense charged in Count I. The incidents of each occurred in the same location, involved the same woman, were apparently instigated by defendant's discovery of romantic involvement between the woman and another man, and involved a firearm. (3) Defendant's intent was highly material. The defense was based, at least in part, on defendant's alleged lack of intent to use the weapon against the person of another.

In our view the record is sufficient to indicate that the trial court recognized and exercised its discretion in ruling on the admissibility of evidence of defendant's prior act. *People v Wilkins, supra,* 270-271, *People v Golochowicz,* 89 Mich App 57; 279 NW2d 576 (1979). We find no abuse in the exercise of that discretionary authority.

In related arguments, defendant suggests that the fact that he was found not guilty by reason of insanity of the prior act rendered the evidence inadmissible and that admission of the evidence violated double jeopardy principles. In *People v Oliphant,* 399 Mich 472; 250 NW2d 443 (1976), evidence of two rapes of which the defendant had been acquitted was introduced to show the defendant's scheme, plan or system. As noted by the

Supreme Court, the prior act evidence was not introduced to prove prior criminal conduct. *Id.,* 491, 499. So too in the instant case, the prior act evidence was not introduced to prove criminal intent in connection with the prior act. Rather, admission was based on the materiality of defendant's intent at the time of the instant offense and the special circumstances rendering evidence of the prior act probative of that intent. The "integrity" of defendant's prior acquittal has not been disturbed. *Id.,* 499. Probative evidence is not inadmissible simply because it was offered once before in a criminal proceeding, dealing with an entirely separate event, which resulted in an acquittal. *Id.,* 497.

Defendant's attempt to distinguish *People v Oliphant, supra,* is based on his erroneous perception that the prosecution in this case was attempting to prove intent to commit this offense by showing criminal intent at the time of the prior act. Such an attempt would, of course, be improper. See *People v Wilkins, supra,* 267. In our view this was not the purpose for which the prosecution sought admission of this evidence.

Finding no error in defendant's separate convictions for carrying a dangerous weapon with unlawful intent and felony-firearm or in admission of the challenged evidence, we affirm defendant's convictions.