## PEOPLE v GRIGSBY (ON REMAND)

Docket No. 51295. Submitted June 23, 1980, at Detroit.—Decided August 27, 1980.

Defendant, Rudy Grigsby, was convicted of armed robbery in Recorder's Court of Detroit, Justin C. Ravitz, J. Defendant appealed and the Court of Appeals granted the prosecutor's motion to affirm. The Supreme Court vacated that order and remanded for plenary consideration, 408 Mich 904 (1980). Defendant's defense at trial was alibi. He stated that he was having a family dinner with two of his aunts and his grandmother at the time the robbery occurred. This statement was corroborated by the two aunts and the grandmother. On cross-examination, the prosecutor asked defendant about a statement the defendant had earlier given to a police officer which contradicted defendant's alibi testimony by placing him in the company of a man named "Butch" at the time of the robbery. The robbery victim had told police that a man he knew as "Butch" was one of the men involved in the robbery. Defense counsel objected to this questioning on the basis of relevancy. The objection was overruled. Defendant then denied the truth of the statement and alleged that he had been harassed and thought the police officer was talking about a different evening when he made that statement. The police officer who took the statement testified in rebuttal as to the voluntariness and accuracy of defendant's statement. On remand, defendant contends that the cross-examination and subsequent rebuttal should have been included within the prosecution's case-in-chief. The prosecutor argues that the defendant was properly impeached with a prior inconsistent statement and that the rebuttal testimony was proper. *Held:*

Rebuttal testimony is limited to the refutation of relevant and material evidence, *i.e.,* evidence bearing on an issue properly raised in the case. A prosecutor may not elicit a denial of some statement not properly in the case and subsequently

REFERENCES FOR POINTS IN HEADNOTES

[1, 2] 29 Am Jur 2d, Evidence § 250.
[3] 81 Am Jur 2d, Witnesses § 480.

inject the issue into the case through rebuttal. The fact that defendant did not deny making the statement in question and that the statement itself was not inculpatory on its face, but could be so only through an inference that defendant was with "Butch" on the night of the robbery and that "Butch" was the same "Butch" that took part in the robbery, makes defendant's statement that he was with "Butch" of more probative value in disproving the defendant's alibi than as substantive evidence of his guilt. Defense counsel did not object to the cross-examination or rebuttal testimony on this ground. The objection was not specific and the rebuttal testimony complained of was only inferential evidence of the defendant's guilt. There was no abuse of discretion and no reversible error.

Affirmed.

1. CRIMINAL LAW — EVIDENCE — CROSS-EXAMINATION — REBUTTAL.

Rebuttal testimony is limited to the refutation of relevant and material evidence, *i.e.,* evidence bearing on an issue properly raised in a case.

2. CRIMINAL LAW — EVIDENCE — CROSS-EXAMINATION — REBUTTAL.

A prosecutor may not elicit a denial of some statement not properly in the case and subsequently inject the issue into the case through rebuttal.

3. CRIMINAL LAW — EVIDENCE — CROSS-EXAMINATION — PRIOR INCONSISTENT STATEMENTS — INFERENCE — REBUTTAL.

A prosecutor may question a defendant for the first time on cross-examination about a prior inconsistent statement made by the defendant where an alibi is asserted only if the defendant does not deny making the statement, the statement is not inculpatory on its face, although it may be inculpatory through an inference, and the statement has more probative value in disproving the defendant's alibi than substantive evidence of the defendant's guilt.

*Frank J. Kelley,* Attorney General, *Robert A. Derengoski,* Solicitor General, *William L. Cahalan,* Prosecuting Attorney, *Edward Reilly Wilson,* Principal Attorney, Appeals, and *Frank J. Bernacki,* Assistant Prosecuting Attorney, for the people.

*John A. Lydick,* Assistant State Appellate Defender, for defendant on appeal.

Before: J. H. Gillis, P.J., and V. J. Brennan and A. C. Miller,* JJ.

On Remand

A. C. Miller, J. Defendant Grigsby was jury tried and convicted of armed robbery, MCL 750.529; MSA 28.797, sentenced to five to ten years imprisonment and appealed as of right. This Court granted plaintiff's motion to affirm and the Supreme Court vacated this Court's order and remanded for plenary consideration. 408 Mich 904 (1980).

Complainant was robbed in his home by four or five armed men on January 4, 1976, between 7 p.m. and 8 p.m. Complainant testified that entrance was gained to his home after he admitted a man known to him as "Butch". Defendant was identified as one of the other perpetrators of the robbery. Defendant presented the alibi testimony of two of his aunts and his grandmother that defendant was at a family dinner between 7 and 8 in the evening of January 4, 1976. During defendant's cross-examination, the prosecuting attorney asked defendant if he had earlier told a police officer that he was with "Butch" until 8 p.m. on January 4, 1976. Defense counsel objected on the basis of relevancy. The trial court overruled defense counsel's objection. Defendant denied the truth of the statement, alleged that he had been harassed and explained that he thought the police officer had been talking about January 5, 1976. The police officer to whom defendant made the statement testified in rebuttal as to the voluntariness and accuracy of defendant's statement.

---

* Circuit judge, sitting on the Court of Appeals by assignment.

Defendant, on remand, contends that the cross-examination and subsequent rebuttal should have been included within the prosecution's case-in-chief. The prosecutor argues that the defendant was properly impeached with a prior inconsistent statement and that the rebuttal testimony was proper. We agree with the prosecutor and affirm defendant's conviction.

It is clear that rebuttal testimony is limited to the refutation of relevant and material evidence—hence evidence bearing on an issue properly raised in a case. It is also clear that a prosecutor may not elicit a denial of some statement not properly in the case and subsequently inject the issue into the case through rebuttal. *People v McGillen #1*, 392 Mich 251; 220 NW2d 677 (1974), *People v Bennett*, 393 Mich 445; 224 NW2d 840 (1975), *People v Roeder*, 79 Mich App 595; 262 NW2d 872 (1977), *People v Karmey*, 86 Mich App 626; 273 NW2d 503 (1978).

The case at bar is distinguishable from the above authorities because defendant did not deny making the statement and the statement itself was not inculpatory on its face. Only through an inference was the fact that defendant was with "Butch" on the night in question inculpatory, *i.e.,* one must infer that the "Butch" who was involved in the robbery was the same "Butch" defendant claimed he was with on the night in question. Since the identification of "Butch" was tentative, the defendant's statement that he was with "Butch" had more probative value in disproving the defendant's alibi than as substantive evidence of defendant's guilt.

We also note that defense counsel did not object to the cross-examination or rebuttal testimony on the grounds now asserted. See *People v Winfield,*

39 Mich App 281; 197 NW2d 541 (1972), *lv den* 389 Mich 766 (1973). Because the objection is not specific and the rebuttal testimony complained of is only inferential evidence of the defendant's guilt, we do not view the trial court's decision in the case at bar to be an abuse of discretion and, hence, reversible error. *People v Ebejer,* 66 Mich App 333; 239 NW2d 604 (1976). There is nothing in this case comparable to the courtroom dramatics injected in rebuttal in *People v Kraai,* 92 Mich App 398; 285 NW2d 309 (1979), requiring court intervention even without objection.

Defendant's other allegations of error are without merit.

Affirmed.