PEOPLE v RUSTIN

Docket No. 58171. Decided July 12, 1979. On application by defendant for leave to appeal the Supreme Court, in lieu of granting leave to appeal, reversed the judgment of the Court of Appeals and remanded to the circuit court for a new trial.

Robert H. Rustin was convicted by a jury in Genesee Circuit Court, Donald R. Freeman, J., of delivery of a controlled substance, phencyclidine, to an undercover police agent. The trial court admitted into evidence, under the "similar acts" statute, testimony by the undercover agent that five days before the delivery in question the defendant made another delivery of a controlled substance to him. The prosecutor stated that he was introducing the evidence on the issue of the defendant's intent in making the delivery charged. The Court of Appeals, Bronson, P.J., and R. B. Burns and D. E. Holbrook, Jr., JJ., affirmed in an unpublished per curiam opinion (Docket No. 24057). Defendant applies for leave to appeal. *Held:*

1. The defense in this case was that the defendant did not make the delivery in question at all but that a third party had done it. Thus, there can be no claim that the testimony concerning the prior delivery was introduced to negate a claim of lack of knowledge of the nature of the substance or of a delivery somehow unintentionally made. Therefore the establishment of the defendant's intent on the occasion in question is insufficient reason to warrant the introduction of this evidence.

2. There is no showing in this record that the two transactions were inextricably related or that the delivery charged followed from the delivery five days earlier as does an effect follow from a cause. Therefore, the testimony concerning the first transaction would not be admissible under the theory that the first transaction was an integral part of the second.

3. Under the facts of this case the cautionary instruction to the jury could not have eradicated the prejudice from the testimony concerning the prior delivery. The practical effect of the disclosure was to raise the possibility that the jury might have concluded that, because the defendant had done it before, he must have done it on the occasion for which he was charged.

Reversed and remanded for a new trial.

*Frank J. Kelley,* Attorney General, *Robert A. Derengoski,* Solicitor General, *Robert F. Leonard,* Prosecuting Attorney, and *Donald A. Kuebler,* Chief, Appellate Division, for the people.

*Goldstein & Raznick, P.C.* (by *Lawrence S. Katz),* for defendant.

PER CURIAM. The question for decision in this case is whether, in a prosecution for delivery of a controlled substance, the admission of testimony that five days before the delivery in question took place, the defendant made another delivery of a controlled substance to the same undercover agent was reversible error.

I

The charge against the defendant alleged that on August 3, 1974, he delivered a tinfoil pack containing a controlled substance, phencyclidine, to an undercover police agent, contrary to MCL 335.341(1)(b); MSA 18.1070(41)(1)(b). The defendant was found guilty as charged after a jury trial. The Court of Appeals, in an unpublished per curiam opinion, affirmed.

The primary witness against the defendant was the police undercover agent, Alfonso Martinez. Martinez testified that on the morning of August 3, 1974, he visited the defendant in his apartment. The defendant asked him to follow him into the kitchen. Martinez did so and upon arrival in the kitchen the defendant asked Martinez if he could sell a gram of "Crystal T" (phencyclidine) for him. Martinez professed an initial reluctance but when pressed by the defendant to do a favor for him, Martinez agreed to sell the "Crystal T" for the defendant for $35. The packet containing the

phencyclidine was turned over to the authorities and the instant prosecution resulted.

After the prosecutor had established the foregoing facts during the direct examination of Martinez, it became evident during the course of further direct examination that the prosecutor was going to inquire into the prior relationship between Martinez and the defendant. Defense counsel objected and a separate record was made; the prosecutor contended that the "prior acts" of the defendant with Martinez would be admissible under MCL 768.27; MSA 28.1050.[1] Specifically, the prosecutor argued that testimony as to a prior delivery of a controlled substance by the defendant to Martinez would be admissible under the statute "[t]o show by lack of intent, mistake, scheme and design, and the intent of the defendant to deliver a controlled substance". The trial court said that it would allow the testimony.

Thereafter, on direct examination of Martinez by the prosecutor, the following colloquy took place:

"*Q.* Did you have occasion to go to Robert Rustin's apartment on July 29, 1974?
"*A.* Yes.
"*Q.* Do you recall what time it was?
"*A.* It was at approximately 10:15, 10:20.
"*Q.* Did you go there?

---

[1] MCL 768.27; MSA 28.1050 provides:

"In any criminal case where the defendant's motive, intent, the absence of, mistake or accident on his part, or the defendant's scheme, plan or system in doing an act, is material, any like acts or other acts of the defendant which may tend to show his motive, intent, the absence of, mistake or accident on his part, or the defendant's scheme, plan or system in doing the act, in question, may be proved, whether they are contemporaneous with or prior or subsequent thereto; notwithstanding that such proof may show or tend to show the commission of another or prior or subsequent crime by the defendant."

"*A.* Yes, I did go there.

"*Q.* Was anybody there when you got to his apartment?

"*A.* No, just me and Bob Rustin.

"*Q.* What did you do when you got there?

"*A.* I purchased some controlled substance."

## II

We hold that under the circumstances of this case it was reversible error to admit the testimony of undercover agent Martinez with regard to the prior sale of a controlled substance to him by the defendant. There was no showing that the defendant had engaged in a particular scheme, plan or system with regard to the sale of controlled substances which would warrant introduction of evidence with regard to prior deliveries of controlled substances. Thus the situation is completely unlike that in *People v Oliphant,* 399 Mich 472; 250 NW2d 443 (1976), where we found no reversible error in permitting the introduction of evidence tending to show prior rapes on the part of the defendant.

Here, the trial court concluded that proof of a controlled substance sale by the defendant to the undercover agent five days before the transaction with which he was charged at trial was admissible because it tended to establish the defendant's intent on the occasion in question. In *People v Duncan,* 402 Mich 1; 260 NW2d 58 (1977), we upheld the admission of "similar acts" testimony because we concluded:

"The evidence of a repeated course of conduct tended to show the intent of defendants in doing the acts alleged and was therefore material and admissible under the statute." 402 Mich 1, 13.

In *Duncan,* however, the defendants were charged with conspiracy to do a legal act in an illegal manner, MCL 750.157a; MSA 28.354(1), and solicitation of a bribe, MCL 750.505; MSA 28.773. The defense proffered in *Duncan* was that the defendants were responding to a scheme initiated by other individuals and that the defendants only went along with it so as to catch one of those individuals in a crime. Thus, the defendants' intent in engaging in a certain course of conduct was clearly an issue.

By way of contrast, the defense in this case was that the defendant did not perform the act in question at all. The defendant denied selling undercover agent Martinez the phencyclidine, contending that an individual named "Randy" had done so. Thus, there can be no claim that the testimony concerning a prior controlled substance transaction was introduced to negate a claim on the part of the defendant that he did not know that the substance which he delivered was controlled nor did the defendant claim that the delivery of the controlled substance, although performed by him, was somehow done unintentionally. The defendant quite simply contended that he did not deliver the controlled substance. Thus we conclude that the reason for the admission of this evidence, namely, to establish the defendant's intent on the occasion in question, was insufficient to warrant the introduction of this evidence at trial.

Finally, in *People v Delgado,* 404 Mich 76; 273 NW2d 395 (1978), we found no error in a case in which an undercover officer was permitted to testify that the defendant delivered heroin to him on two occasions, January 17 and 22, 1974. Defendant Delgado was specifically charged with delivery of heroin on January 22. The other delivery charge

formed the basis of a separate prosecution. At Delgado's trial for the January 22 delivery, the undercover agent testified as to the January 17 delivery. We found no error because the evidence established that the January 17 purchase of heroin was a condition precedent to the subsequent purchase of a greater quantity of heroin on January 22. We concluded:

"[T]he sale on the 17th and the sale on the 22nd were inextricably related, one to the other. Quite literally, the sale on the 22nd followed from the sale on the 17th, as does an effect follow from a cause. The jurors were entitled to have before them the facts concerning the sale of January 17 as an integral part of the events which were incidental to the January 22 sale." 404 Mich 76, 84.

The only analogy which can be drawn between the situation in this case and that present in *Delgado* is that in each situation the two transactions were five days apart. There is absolutely no showing in this record that the two transactions were "inextricably related" and that the delivery of a controlled substance on August 3, 1974 followed from the sale on July 29, 1974 "as does an effect follow from a cause". Therefore, the testimony concerning the prior transaction which was received in evidence in this case would not be admissible under *Delgado.*

The trial court, in its final instructions to the jury, gave a cautionary instruction.[2] However, we

_____

[2] "During the course of the trial, as you know, reference has been made to another incident in which the defendant is said to have participated. You should understand the true significance of that. As a matter of fair play, a person is charged with a specific offense; the reason, I think, is rather obvious: it is to enable him to be able to know what he's charged with. After all, he is the defendant, he's got a right a [sic] know what they are claiming he did wrong. When testimony is brought out as to other events, it is not expected that

conclude that under the facts of this case the cautionary instruction could not have eradicated the prejudice which emanated from the introduction of the testimony concerning a prior delivery of a controlled substance. We conclude that the practical effect of disclosing the prior controlled substance transaction to the jury was to raise the possibility that the jury might conclude that because the defendant had delivered a controlled substance on a prior occasion, he must have done it on the occasion for which he was charged.

Since we find that the defendant suffered prejudice due to the introduction of testimony concerning an alleged prior controlled substances transaction, we now, pursuant to GCR 1963, 853.2(4), in lieu of granting leave to appeal, reverse the judgments of the Court of Appeals and of the circuit court and remand the case to the Genesee Circuit Court for a new trial.

COLEMAN, C.J., and KAVANAGH, WILLIAMS, LEVIN, FITZGERALD, RYAN, and BLAIR MOODY, JR., JJ., concurred.

---

this in itself is intended to show that he was more likely to have committed the crime charged or that he had a disposition towards criminal conduct, or that he, in fact, had committed any crime at all. The law says this: the purpose of showing another matter related to the one at issue is, in any criminal case where the defendant's motive, intent, the absence of mistake or accident on his part, or the defendant's scheme, plan or system in doing an act is material, any like acts or other acts of the defendant which may tend to show his motive, intent, the absence of, mistake or accident on his part, or the defendant's scheme, plan or system in doing the act in question may be proved. Whether they are contemporaneous with or prior or subsequent thereto, notwithstanding that such proof may show or tend to show the commission of another or prior or subsequent crime by the defendant; and that it is the only reason that the law permits testimony as to any other acts, to show motive, intent, the absence of mistake or accident on the part of the defendant, or a scheme, plan or system."