PEOPLE v BLOOM

Docket No. 78-5152. Submitted September 4, 1979, at Detroit.—Decided November 7, 1979.

Bernard J. Bloom was convicted of delivery of heroin, Kent Circuit Court, George V. Boucher, J. Defendant appeals, alleging that the trial court erred by admitting testimony of an informer that the defendant had made several prior sales of heroin to the informer. *Held:*

Evidence of a defendant's prior bad acts should not be admitted unless certain conditions are met. In this case those conditions were not satisfied, therefore, admission of the informer's testimony was error.

Reversed and remanded.

N. J. KAUFMAN, P.J., concurred on the basis of a Supreme Court decision holding that where a defendant has denied participation in the crime charged or in any prior similar acts the establishment of intent on the occasion of the crime charged is not sufficient reason to allow the admission of evidence of prior bad acts.

OPINION OF THE COURT

1. CRIMINAL LAW — EVIDENCE — PRIOR BAD ACTS.

Evidence regarding a defendant's prior bad acts should not be admitted unless (1) there is substantial evidence that the defendant actually perpetrated the acts in question, (2) there are special circumstances of the prior acts which tend to prove one of the elements of the crime charged, and (3) the defendant's motive, intent, absence of mistake or accident, scheme, plan, or system is material to the determination of his guilt of the charged offense; even where these requirements are satisfied the evidence should be excluded where its prejudicial effect would outweigh its probative value.

REFERENCES FOR POINTS IN HEADNOTES
[1] 29 Am Jur 2d, Evidence §§ 320, 321, 324-326.
[2] 29 Am Jur 2d, Evidence §§ 324, 333.

Concurrence by N. J. Kaufman, P.J.

2. Criminal Law — Evidence — Prior Bad Acts.

*The establishment of intent on the occasion of the crime charged is not reason enough to allow the introduction of evidence of prior bad acts where the defendant has denied participation in the crime charged or in any prior similar acts.*

*Frank J. Kelley,* Attorney General, *Robert A. Derengoski,* Solicitor General, *David H. Sawyer,* Prosecuting Attorney, and *Carol S. Irons,* Assistant Prosecuting Attorney, for the people.

*Buth, Wood & Weidaw* (by *George S. Buth* and *Stephen M. Tuuk),* for defendant on appeal.

Before: N. J. Kaufman, P.J., and R. M. Maher and D. C. Riley, JJ.

Per Curiam. The defendant appeals as of right from his conviction by jury of the charge of delivery of heroin, MCL 335.341(1)(a); MSA 18.1070(41)(1)(a).

The basis of the charges against the defendant stemmed from an alleged heroin purchase at a barbershop by an addict-informer named Douglas King. Despite objections by defense counsel, Mr. King was allowed to testify that he had made approximately 20-25 prior purchases of heroin from the defendant. The defendant, testifying on his own behalf, denied participation in the alleged sale, or in any sale of drugs on a prior occasion. The defendant was impeached by evidence of a prior conviction for burglary.

On appeal, the defendant contends that the trial court erred by admitting into evidence testimony regarding defendant's prior bad acts. We agree.

In *People v Wilkins,* 82 Mich App 260, 267-270; 266 NW2d 781 (1978), we found that it is erroneous to admit evidence of the defendant's prior bad acts unless: (1) there is substantial evidence

that the defendant actually perpetrated the bad acts in question; (2) there are special circumstances of the prior bad acts which tend to prove one of the statutory elements; and (3) the defendant's motive, intent, absence of mistake or accident, scheme, plan, or system must be material to the determination of defendant's guilt of the charged offense. Evidence is not material unless it is disputed. Even if the above requirements are satisfied, the trial court must weigh the probative value of the evidence against its likely prejudicial effect, and must exclude the evidence if the latter predominates. See also, *People v Adan,* 83 Mich App 326; 268 NW2d 397 (1978).

The instant case fails to satisfy all of the factors mentioned in *Wilkins, supra,* especially the third. See *People v Rustin,* 406 Mich 527; 280 NW2d 448 (1979), where the Supreme Court recently held that admission of testimony by an undercover agent concerning a prior sale of narcotics by the defendant constituted reversible error.

Reversed and remanded for a new trial.


N. J. Kaufman, P.J. *(concurring).* I concur separately based on *People v Rustin,* 406 Mich 527; 280 NW2d 448 (1979).