## PEOPLE v BENON

Docket Nos. 67607-67610. Decided June 28, 1982. On application by the people for leave to appeal, the Supreme Court, in lieu of granting leave to appeal, reversed the judgment of the Court of Appeals and remanded the case to that Court for consideration of the other issues.

Richard D. Benon, Jr., was convicted by a jury in the Washtenaw Circuit Court, William F. Ager, Jr., J., of four counts of delivery of heroin. The Court of Appeals, T. M. Burns, P.J., and Allen and D. F. Walsh, JJ., reversed in an unpublished opinion per curiam on the ground that evidence of the defendant's prior similar acts was improperly admitted (Docket Nos. 44787-44790). The people apply for leave to appeal.

In an opinion per curiam, signed by Chief Justice Coleman, and Justices Williams, Fitzgerald, Ryan, and Moody, the Supreme Court *held:*

Evidence of prior purchases of heroin from the defendant by a prosecution witness was improperly admitted for the purpose of proving that the witness could identify the defendant, a fact not in dispute. The prior purchases were not so inextricably related to the deliveries of heroin charged as to be considered an integral part of them. However, the defendant did not suffer prejudice because of the admission of the evidence. Other evidence presented against him was strong. The defense of misidentification was countered by corroborative testimony of witnesses which specifically identified the defendant as participating in the deliveries. Additionally, the witness who testified regarding the defendant's similar acts also testified about the deliveries which were the basis for the charges against the defendant. If the jury did not believe the witness about the deliveries, it would not believe him about the prior acts; and, if it believed him regarding the deliveries, it would not need to consider the similar-acts testimony.

Reversed and remanded.

Justices Kavanagh and Levin would deny leave to appeal.

*Frank J. Kelley,* Attorney General, *Louis J. Caruso,* Solicitor General, *William F. Delhey,* Pros-

ecuting Attorney, and *David A. King,* Assistant Prosecuting Attorney, for the people.

*Thomas J. Schwartz* for defendant.

PER CURIAM. The Court of Appeals has reversed the defendant's conviction because of the improper admission of evidence of prior similar acts during his trial. Because we are persuaded that the evidence was not so prejudicial as to deny the defendant a fair trial, we reverse the Court of Appeals judgment.

I

The defendant was charged with four separate deliveries of heroin.[1] On his motion, the cases were consolidated for trial. The essential testimony against the defendant was provided by an undercover police officer:

—on July 19, 1976, she purchased heroin from the defendant in the bedroom (to which the defendant gained access by a key) of a house on Gott Street in Ann Arbor

—on August 14, 1976, she purchased heroin from the defendant in the Star Bar in Ann Arbor

—on August 27, 1976, she purchased heroin from the defendant in her car parked in front of the Derby Bar in Ann Arbor

—on September 14, 1976, she purchased heroin from the defendant in the Derby Bar in Ann Arbor.

[1] MCL 335.341; MSA 18.1070(41), since repealed and replaced by MCL 333.7401; MSA 14.15(7401).

Arthur Brock facilitated the transactions. He had himself been convicted of delivering heroin three times, but during the summer and fall of 1976 he was working with the Washtenaw Area Narcotics Team. He led the undercover officer to the defendant.

The prosecutor asked Mr. Brock how he had decided to whom the officer would be introduced:

"*Q. [Assistant Prosecutor]:* And how did you decide who you were going to introduce her to?

"*A.* Well, I just decided by the people who I had been dealing with.

"*Q.* People that you'd been dealing with. Had you ever bought drugs or sold drugs to Richard Benon prior to July 19, 1976?

"*[Defense counsel]:* Your Honor, I would object to that.

"*[Assistant Prosecutor]:* I think it's clearly material.

"*The Court:* What basis, counsel?

"*[Defense counsel]:* It's irrelevant and immaterial, your Honor.

"*The Court:* Well, on the basis of background, basis of knowledge, knowing a person, I would permit it for that purpose only. I will instruct the jury on that he's not being tried for anything other than the charges that have been placed against him in this case. To show connection, if any. Connection allegedly he might have had with other persons.

"*[Assistant Prosecutor]:* Thank you, your Honor.

"*Q.* You may answer, Mr. Brock. Have you ever bought drugs from Richard Benon or sold them to him prior to July 19, 1976?

"*A.* Yeah, I bought some from him.

"*Q.* You bought some from him. Approximately how many times?

"*A.* Well, numerous times."

The defense, outlined in an opening statement which preceded presentation of the prosecution's case, was misidentification: the person from whom the heroin was purchased was someone other than the defendant. Mr. Brock was said to have arranged the purchase from someone who resembled the defendant to meet his "quota". Maylon Jones testified that the defendant did not live at the Gott Street house in 1976. The bedroom was indeed kept locked, but the defendant was said not to have a key. Other witnesses testified that the defendant always wore a hat to cover his receding hairline, but the police officer said the seller had not. The defendant's brother testified that he was once mistakenly arrested on a warrant for the defendant.

The Court of Appeals concluded that the prosecutor improperly elicited testimony from Mr. Brock as to the prior drug purchases:

"The trial court erred in admitting testimony from a prosecution witness to the effect that this witness had purchased drugs from defendant on numerous other occasions. This testimony was highly prejudicial in that it tended to show that defendant was predisposed to commit the instant crimes. Because this testimony was offered to prove a fact that was not in dispute, that the witness could identify the defendant, the testimony was inadmissible. *People v Wilkins,* 82 Mich App 260; 266 NW2d 781 (1978). Further, this error was so prejudicial that it could not have been cured by a cautionary instruction to the jury. Therefore, defendant's conviction must be reversed and this cause remanded for a new trial. *People v Rustin,* 406 Mich 527; 280 NW2d 448 (1979)."

The prosecutor appeals from that decision.

## II

It is true, as the Court of Appeals states, that the fact that Mr. Brock could identify the defendant was not an issue. Evidence of his prior drug purchases from the defendant was therefore not admissible for the purpose for which it was in fact admitted. *People v Major,* 407 Mich 394; 285 NW2d 660 (1979). Certainly the prior purchases were not so "inextricably related" to the later sales that they might be considered "an integral part" of them. *People v Delgado,* 404 Mich 76; 273 NW2d 395 (1978).

That does not, however, end the inquiry. We must still determine whether "the defendant suffered prejudice due to the introduction of testimony concerning an alleged prior controlled substance transaction". *Rustin, supra,* 406 Mich 533; *People v Golochowicz,* 413 Mich 298, 309; 319 NW2d 518 (1982). We conclude that he did not. First the evidence against the defendant was extraordinarily strong. Mr. Brock, the undercover officer, and two other police officers gave essentially similar testimony, the latter two specifically identifying the defendant as a participant in the August 27 and September 14 deliveries. While Mr. Brock may have been motivated to make a deliberate misidentification as the defendant suggested, the other witnesses would not have been so motivated. Second, the defendant was charged with four deliveries based on testimony from the same witness who provided the prior similar-acts testimony. If the jury did not believe him regarding the four charged deliveries, it would not believe him regarding the prior acts, and if the jury believed him, it would not need to consider the prior-acts testimony.

In lieu of granting leave to appeal, pursuant to GCR 1963, 853.2(4), we reverse the judgment of the Court of Appeals and remand the case to that Court for consideration of the other issues raised by the defendant but not addressed in its opinion.

COLEMAN, C.J., and WILLIAMS, FITZGERALD, RYAN, and BLAIR MOODY, JR., JJ., concurred.

KAVANAGH and LEVIN, JJ. We would deny leave to appeal.