PEOPLE v URBIN

Docket No. 56394. Submitted May 5, 1982, at Detroit.—Decided
    September 24, 1982. Leave to appeal denied, 417 Mich 860.

    Charles Urbin was convicted of assault with intent to commit
    murder, Recorder's Court of Detroit, Michael J. Talbot, J.,
    following an assault and robbery at a bar. At the trial evidence
    was presented showing that the defendant had been convicted
    previously of another bar robbery and assault. Defendant ap-
    peals, alleging that the trial court abused its discretion in
    allowing the evidence of the previous conviction. *Held:*

    The reason for allowing the evidence was to show the iden-
    tity of the defendant. When prior acts evidence is admitted to
    prove identity the manner in which the crime charged and the
    other crimes were committed must be marked with special
    characteristics so common, peculiar, and distinctive as to lead
    compellingly to the conclusion that all were committed by the
    defendant. The similarities between the crimes in this case
    were not sufficiently specific to meet this requirement. There-
    fore, the evidence of the previous crime should not have been
    admitted.

    Reversed and remanded.

1. Cʀɪᴍɪɴᴀʟ Lᴀᴡ — Eᴠɪᴅᴇɴᴄᴇ — Pʀɪᴏʀ Cʀɪᴍᴇs.

    The question of whether to allow presentation of evidence of a
    criminal defendant's prior similar acts is a matter within the
    trial judge's discretion; the first determination to be made is
    whether the specific purpose for which the evidence is to be
    admitted is material (MRE 404[4][b]).

2. Cʀɪᴍɪɴᴀʟ Lᴀᴡ — Eᴠɪᴅᴇɴᴄᴇ — Pʀɪᴏʀ Cʀɪᴍᴇs.

    Four conditions must be met before admission of evidence of a
    defendant's prior criminal acts: (1) substantial evidence must
    exist that the defendant actually committed the bad act, evi-
    dence of which is sought to be introduced; (2) some special
    quality or circumstance of the bad act must tend to prove one

Rᴇғᴇʀᴇɴᴄᴇs ғᴏʀ Pᴏɪɴᴛs ɪɴ Hᴇᴀᴅɴᴏᴛᴇs
[1] 29 Am Jur 2d, Evidence § 320.
[2, 3] 29 Am Jur 2d, Evidence §§ 321, 322.

of the relevant factors in the crime charged; (3) one or more of those factors must be material; and (4) the probative value of the evidence must not be substantially outweighed by the danger of unfair prejudice.

3. CRIMINAL LAW — EVIDENCE — PRIOR CRIMES — IDENTITY.

A trial court should insist upon a high degree of similarity in the manner in which the crime in issue and a previous crime were committed when evidence of previous crimes is offered to prove the defendant's identity; the evidence should be admitted only where the crime charged and the other crimes were marked with special circumstances so common, peculiar, and distinctive as to lead compellingly to the conclusion that all were the handiwork of the defendant because all bore his distinctive style.

*Frank J. Kelley,* Attorney General, *Louis J. Caruso,* Solicitor General, *William L. Cahalan,* Prosecuting Attorney, *Edward Reilly Wilson,* Principal Attorney, Appeals, and *Frank J. Bernacki,* Assistant Prosecuting Attorney, for the people.

*Lawrence R. Greene,* for defendant on appeal.

Before: M. J. KELLY, P.J., and T. M. BURNS and MACKENZIE, JJ.

PER CURIAM. Defendant was convicted after a jury trial on January 26, 1981, of assault with intent to commit murder, contrary to MCL 750.83; MSA 28.278, and was sentenced to life in prison. He appeals as of right.

On August 18, 1980, defendant entered Susy's Bar in Detroit at 8:15 p.m. Having previously patronized the bar, defendant knew the bartender, Dennis Brothers. After sitting near the cash register, defendant invited Brothers to come over and observe his coin collection. But instead of showing him his coin collection, defendant sprayed mace into his face. He then knocked Brothers unconscious and shoved his body under the counter.

Shortly afterwards, two patrons entered the bar to buy drinks. After first acting as the bartender and serving drinks to them, defendant suddenly sprayed mace at them, also. When one of them fled, defendant followed in pursuit but eventually fled after briefly fighting with him. At least $150 was missing from the cash register after the incident.

Defendant's only issue on appeal is that the trial judge abused his discretion in allowing in evidence of a prior similar criminal act. On September 2, 1980, around 9 p.m., defendant entered Fat Jack's Saloon in Detroit. The bar was empty at the time. After ordering a drink, he started a long conversation with the barmaid. Eventually, defendant brandished a knife. However, a mechanic from a neighboring service station entered the bar and defendant quietly hid the knife and resumed his role as a bar patron. He then ordered more drinks and started talking with the mechanic. Although the knife blade was visible to the barmaid, it was not to the mechanic. Eventually, defendant quietly ordered the barmaid to politely ask the mechanic to leave. After the mechanic left, defendant removed his knife and went to lock the back door. However, the barmaid fled to the mechanic who found an off-duty policeman to arrest defendant. They found $460, missing from the cash register, in defendant's possession upon arrest. Defendant was convicted of the robbery of Fat Jack's Saloon before the trial in the present case.

MRE 404(b) allows in prior similar acts evidence under certain circumstances. Whether or not to allow in such evidence is a matter within the trial judge's discretion. *People v Duncan,* 402 Mich 1; 260 NW2d 58 (1977). However, more must be shown than that the defendant committed the

prior act. *People v Ernest Smith,* 87 Mich App 18; 273 NW2d 573 (1978). Before anything else, the trial judge must determine whether or not the specific purpose for which the evidence is to be admitted is material. *People v Major,* 407 Mich 394, 400; 285 NW2d 660 (1979). Both parties agree that the specific reason to allow this evidence in, *i.e.,* identity, is material. See *People v Kelly,* 386 Mich 330; 192 NW2d 494 (1971); *People v Kraai,* 92 Mich App 398; 285 NW2d 309 (1979), *lv den* 407 Mich 954 (1980). However, the danger of prejudice is rarely outweighed by the probative value. *People v Fisher,* 77 Mich App 6; 257 NW2d 250 (1977), *lv den* 402 Mich 811 (1977).

In *People v Golochowicz,* 413 Mich 298; 319 NW2d 518 (1982), the Supreme Court addressed these issues. It first adopted the test set forth in *People v Wilkins,* 82 Mich App 260; 266 NW2d 781 (1978), *rev'd on other grounds* 408 Mich 69; 288 NW2d 583 (1980): (1) substantial evidence must exist that the defendant actually committed the bad act, evidence of which is sought to be introduced; (2) some special quality or circumstance of the bad act must tend to prove one of the relevant factors; (3) one or more of these factors must actually be material; and (4) the probative value of the evidence must not be substantially outweighed by the danger of unfair prejudice. In this case, the first step presents no problem because defendant had already been convicted of the previous offense.

Although the two offenses are somewhat similar, they have numerous dissimilarities. In effect, the similarities really deal with general matters. See *Golochowicz, supra,* and *Kraai, supra.* Although we could list the similarities *ad nauseam,* we decline to do so. Because the material element is identity, the distinguishing, peculiar, or special characteristics must be stronger:

"It is, at least in part, for those reasons that the trial court, when similar-acts evidence is offered to prove *identity,* should insist upon a showing of a high degree of similarity in the manner in which the crime in issue and the other crimes were committed. We regard the requirement to be a heavy burden upon the prosecution to show that the manner in which the crime charged and the other crimes were committed was marked with special characteristics so common, peculiar and distinctive as to lead compellingly to the conclusion that all were the handiwork of the defendant because all bore his distinctive style or 'touch'.

"Even where evidence of that distinctiveness is produced, a trial court should be especially alert to the paramount consideration that ruling on the admission of such evidence is more a matter of a careful weighing process in the exercise of discretion than the mechanical application of a rule. The overriding policy is to protect the accused from unfair prejudice. That policy can be carried out only if the trial court is alertly sensitive to the need to balance the probative value of the proffered evidence against its prejudicial impact by weighing the likelihood that, as Professor McCormick put it, the jury will 'be roused by the evidence to overmastering hostility'.

"In passing upon the admissibility of evidence of similar crimes for the purpose of proving identity especially the manifest danger of unfairness suggests that the presumptive direction of the trial court's exercise of discretion should be toward excluding the evidence. An ultimate decision in the opposite direction, to admit the evidence, should be taken only when the trial court is convinced that the policy of the rule of exclusion will not be offended because, in view of the probative force of the evidence to prove identity, there is little or no danger that the jury, aided by a limiting instruction, will misconstrue the proper purpose of the evidence or, upon learning of the other crime, be stirred by 'such passion * * * as to [be swept] beyond a rational consideration of [the defendant's] guilt or innocence of the crime on trial'." *Golochowicz, supra,* pp 325-326 (footnote omitted).

In *Golochowicz,* the defendant was on trial for first-degree murder. He had broken into (though there was no sign of a break-in) a condominium in Novi and strangled the victim with a bathrobe tie. He then took a number of items including a barometer, Fisher stereo speakers, a checkbook, a credit card, and a car. A few days later, he broke into a house on Muirland Street in Detroit (with no sign of a break-in) and strangled the inhabitant and stole a number of items including a television set, guns, calculators, and lamps. The Supreme Court held that, because the prejudicial impact outweighed the probative value of such evidence, the trial judge abused his discretion in allowing in such bad acts testimony.

*A fortiori,* the trial judge abused his discretion in the present case in allowing in the similar bad acts testimony. We do not see the very special or distinctive marks that would "lead [us] compellingly to the conclusion that all were the handiwork of the defendant because all bore his distinctive style or 'touch' ". The weapons were different. In one case, defendant unhesitatingly used violence whereas in the other he did not. The ruse was quite different. The similarities are just too general to meet *Golochowicz's* exacting test. Furthermore, the robbery in Fat Jack's Saloon lacks the requisite "signature".

*People v Benon,* 413 Mich 530; 321 NW2d 372 (1982), is distinguishable. Both the present case and *Glolchowicz* dealt with identity. *Benon* dealt with knowledge. The trial judge should allow in evidence of similar acts tending to prove identity only if "there is little or no danger that the jury, aided by a limiting instruction, will misconstrue the proper purpose of the evidence * * *". *Golochowicz, supra,* p 326.

Furthermore, the prior similar act evidence is more unfairly prejudicial in the present case than it had been in *Benon*. The same witness who had accused the defendant in *Benon* also testified about the prior acts in that case:

"If the jury did not believe him regarding the four charged deliveries, it would not believe him regarding the prior acts, and if the jury believed him, it would not need to consider the prior-acts testimony." *Benon*, p 534.

A different set of witnesses testified about the robbery in Fat Jack's Saloon than those who testified regarding the incident at Susy's Bar.

The evidence proving identity was acutally stronger in *Golochowicz* than in the present case. The trial judge abused his discretion in allowing in this evidence.

Reversed and remanded.